UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAL HANSEN,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 14-01850-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.

## INTRODUCTION

Val Hansen ("Plaintiff") challenges the Commissioner's denial of his protectively filed application for Supplemental Security Income ("SSI") following an administrative law judge's ("ALJ") decision that he was not disabled under the Social Security Act. Administrative Record ("AR") 19. For the reasons stated below, the Commissioner's decision is REVERSED and the action is REMANDED for further proceedings consistent with this Order.

/ / /

/ / /

/ / /

## II.

## PROCEEDINGS BELOW

On October 30, 2011, Plaintiff applied for SSI alleging disability beginning August 8, 2011. AR 13. Plaintiff's claim was denied initially on February 6, 2012, and upon reconsideration on April 11, 2012. *Id*. On May 22, 2012, Plaintiff filed a written request for hearing, which took place on January 8, 2013. *Id*. Represented by counsel, Plaintiff testified at that hearing, along with a vocational expert ("VE") and medical expert. *Id*. On February 5, 2013, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act.[1] *Id.* at 18. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on July 31, 2014. *Id*. at 1-6. Plaintiff filed the instant action in this Court on September 5, 2014. Dkt. No. 3.

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled. 20 C.F.R. §§ 404.1520, 416.920; *see also Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since October 30, 2011. AR 15. At **step two**, the ALJ found that Plaintiff's "severe impairments" included cirrhosis of the liver, Hepatitis C, anemia, and gastritis. *Id.* At **step three**, the ALJ found that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id*. (citations omitted). At **step four**, the ALJ found that Plaintiff possessed the residual functional capacity ("RFC") to

> [L]ift or carry 10 pounds frequently and 20 pounds occasionally; stand and/or walk for a total of 2 hours out of an 8-hour workday; sit for a total of 6 hours out of an 8-hour

---

[1] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

> workday; occasional bend, stoop, crouch, crawl, knee, balance, and climb ramps and stairs; no climb ladders, ropes or scaffolds; no exposure to heights or vibrating machinery.

*Id.* at 16. Given his RFC, the ALJ found that Plaintiff could not perform his past relevant work. *Id.* at 17. At **step five**, however, the ALJ found that there were jobs existing in significant number in the national economy that Plaintiff could perform, and therefore concluded that Plaintiff was not disabled. *Id.* at 17-18.

## III.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotations omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v.*

*Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Robbins,* 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV.
## DISCUSSION

Plaintiff raises two main issues: (1) whether the ALJ erred at step three; and (2) whether the ALJ properly evaluated his credibility. Plaintiff's Memorandum in Support of Plaintiff's Complaint ("Pl. Memo.") at 3-10, Dkt. No. 13.

**A.    ALJ's Step Three Finding**

Plaintiff contends that the ALJ erred by failing to fully assess whether his impairments met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). Pl. Memo. at 3-8. Defendant argues that Plaintiff did not show that his impairments satisfied the Listings. Defendant's Memorandum in Support of Answer ("Def. Memo.") at 1-4, Dkt. No. 15.

**1.    Plaintiff's Administrative Hearing**

At the beginning of Plaintiff's hearing, the ALJ received various exhibits and a past relevant work summary into evidence, and made them part of the record. AR 26. Then, medical expert Dr. Gerald Weingarten was called. *Id.* at 27. In response to the ALJ's question as to whether there was enough "evidence of record for [him] to have an opinion as to [Plaintiff's] medical status[,]" Dr. Weingarten stated that:

> A    No. There really isn't. There's only two exhibits.
> Q    Okay.
> A    There might be a listing met of chronic liver disease here but, I don't know, I just don't have enough information.
> Q    Okay. And the listing you would be looking at, doctor, would be under chronic liver disease?

> A     Yeah, 5.05.
> Q     Okay.
> A     I mean, I guess there's been recurrent gastrointestinal bleeding. Also there is, you know, probable cirrhosis of the liver, in this case, based upon imaging studies and the fact that the platelet count is real low, the INR is greater than 1.5, was 1.6.
> Q     Okay. So, at this point, doctor, you'd say -- you do not have enough information to make a --
> A     Don't have enough information but I think if there's enough -- if more information came in, it would probably be equaling of a listing or meeting the listing, chronic liver disease, 5.05.
> Q     Okay. Then with that, doctor, then I don't think I'll be able to ask you about any functional limitations given the fact that --
> A     I don't think that there's probably with more information there's going to be meeting the listing.
> Q     Okay. All right, doctor. I understand what you're telling me. Thank you for your testimony.

*Id.* at 27-28.

After Dr. Weingarten's testimony, the ALJ asked if there was "anything else out there[.]" *Id.* at 28. Plaintiff responded that he had brought "tons of records" to the hearing related to "six … or maybe seven" recent hospitalizations. *Id.* Initially, the ALJ stated his intent to "continue the hearing … to look at what the [additional] medical records show…." *Id.* at 31. However, since Plaintiff had come from Utah, the ALJ ultimately decided against a continuation and instead stated as follows:

> We received additional documents, medical records that we will attach to the record and make exhibits and we'll continue with the hearing at this time. Let's see what we can do with the additional information that we have.

*Id.* at 31-32. The ALJ questioned Plaintiff about his impairments, daily activities, symptoms, functional capacity, and past work; Plaintiff's attorney asked additional questions; and then the VE opined about the jobs that a person with Plaintiff's RFC

could perform. *Id*. at 32-40. In closing, Plaintiff's attorney "reiterate[d] for the record that [Plaintiff] may meet or equal [Listing] 5.05 and would likely be precluded from working due to fatigue and pain, as well as medication, and I did see that anemia was noted in 3F, in January of 2012." *Id.* at 40.

### 2. **Pertinent Law**

"The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity[.]" *Sullivan v. Zebley,* 493 U.S. 521, 532, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990) (emphasis in original). If a claimant's impairment (or combination of impairments) meets or equals a "listed impairment[], the claimant is conclusively presumed to be disabled. If [it] is not one … conclusively presumed to be disabling, the evaluation proceeds to" step four. *Bowen v. Yuckert,* 482 U.S. 137, 141, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); *see also Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999).

"To *meet* a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim." *Tackett,* 180 F.3d at 1099 (emphasis in original). "To *equal* a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment 'most like' the claimant's impairment." *Id.* (emphasis in original) (citing 20 C.F.R. § 404.1526).

### 3. **Analysis**

The Court finds that ALJ erred at step three by (1) not evaluating the relevant evidence, and (2) not following Social Security Ruling ("SSR") 96-6p.

#### a. *Evaluation of Relevant Evidence*

The ALJ must evaluate the relevant evidence before finding that a claimant's impairments do not meet or equal a Listing; boilerplate findings are "insufficient to support a conclusion that a claimant's impairment does not do so." *Lewis v. Apfel,* 236 F.3d 503, 512 (9th Cir. 2001) (citing *Marcia v. Sullivan*, 900 F.2d 172, 176

(9th Cir. 1990)). Here, the ALJ found that Plaintiff's impairments neither met nor equaled the severity of any of the Listings, and explained that finding as follows:

> The medical expert testified that the claimant could potentially meet Listing 5.05 but that there were insufficient records to establish the clinical criteria of that Listing.
>
> I find that the claimant's medically determinable impairments, alone or in combination, do not meet or medically equal any [Listings]. No physician has opined that the claimant's condition meets or equals any listing, and the state agency program physicians opined that it does not.

AR 15.

The Court finds that the foregoing analysis, on its own, constitutes the type of boilerplate proscribed in *Lewis*. However, in *Lewis*, the court further noted that "*Marcia* simply requires an ALJ to discuss and evaluate the evidence that supports his or her conclusion; it does not specify that the ALJ must do so under the heading 'Findings.'" *Lewis*, 236 F.3d at 513. In other words, a cursory step three analysis may be cured by proper discussion and evaluation of the evidence elsewhere in the decision. However, no such proper discussion and evaluation is present in the ALJ's decision. S*ee* AR 15-17. Accordingly, the Court finds that the ALJ's evaluation of the evidence was insufficient to support his conclusion at step three.

    **b.**     ***Social Security Ruling 96-6p[2]***

SSR 96-6p clearly states that the ALJ, not a State agency medical consultant, "is responsible for deciding the ultimate legal question whether a listing is met or equaled[,]" but "longstanding policy requires that the judgment of a physician … designated by the Commissioner on the issue of equivalence on the evidence before the [ALJ] … must be received into the record as expert opinion evidence and given

---

[2] SSRs do not have the force of law, but are generally accorded deference. *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001).

appropriate weight." SSR 96-6p, 1996 WL 374180, at *3 (July 2, 1996). If an ALJ finds an impairment is not equivalent to a Listing, he may satisfy the expert opinion requirement by receiving into evidence a Disability Determination and Transmittal ("DDT") Form signed by an agency medical consultant, ensuring that consideration has been given to equivalence at the initial and reconsideration levels of review. *Id.*

Here, the record contains two DDT Forms. One completed at the initial level by J. Ross, M.D., along with a Disability Determination Explanation ("DDE"), AR 80-89; and another at the reconsideration level by L. Limos, M.D., accompanied by a DDE. *Id.* at 90-99. Thus, the expert opinion requirement was initially met.

However, SSR 96-6p further provides that an ALJ "must obtain an *updated* medical opinion from a medical expert" in two circumstances:

> When no additional medical evidence is received, but in the opinion of the [ALJ] … the symptoms, signs, and laboratory findings reported in the case record suggest that a judgment of equivalence may be reasonable; or
>
> When additional medical evidence is received that in the opinion of the [ALJ] … may change the State agency medical … consultant's findings that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments.

SSR 96-6p at *3-4 (emphasis added). Here, although it is not clear from the record which evidence was acquired and added after the administrative hearing,[3] it is clear that new evidence was added after Dr.'s Ross and Limos rendered their opinions.

---

[3] At the hearing, the ALJ initially said that Exhibits 1F-5F would be attached to the record and made exhibits, but did not state whether the records Plaintiff produced at the hearing would change that numbering. AR 26, 32. In the exhibit list attached to his decision, 4F-7F are called Attorney/Representative - Supplied Evidence, but only 7F is shown as having been received subsequent to the hearing. *Id.* at 22. Dr. Weingarten stated that he was unable to determine if Plaintiff's impairments met or equaled a Listing based on "only two exhibits." *Id.* at 27. Plaintiff contends that 3F-7F were added to the record post-hearing, which is in line with Dr. Weingarten's statement. Pl. Memo. at 3. Defendant did not address the claim. *See* Def. Memo.

8

Dr. Ross completed the initial level DDT Form and DDE on February 6, 2012. *See* AR 80-89. The DDE's "Evidence of Record" section notes records from San Antonio Community Hospital, Valley View Medical Center ("Valley View"), San Bernardino Arrowhead ("Arrowhead"), and also records from two "unknown" sources, and further notes that additional records were requested from Arrowhead. AR 81-82. The last record cited in the "Findings of Fact and Analysis of Evidence" section came from Valley View, and is dated January 19, 2012. *Id.* at 83. Dr. Ross found that Plaintiff did not meet or equal the "5.00 or 7.00 listings[.]" *Id.*

Dr. Limos completed the reconsideration level DDT Form and DDE on April 10, 2012. *See* AR 90-99. The DDE's Evidence of Record section notes the same records received by Dr. Ross, and additional records from Valley View, and further notes that additional records were requested from Arrowhead. *Id.* at 91-92. Unlike Dr. Ross, Dr. Limos did not discuss specific records in the DDE's Findings of Fact and Analysis of Evidence section. *Id.* at 93. Presumably, however, no record dated after April 10, 2012 was part of Dr. Limos' review. Dr. Limos considered Listings 7.02 (Chronic Anemia) and 5.05 (Chronic Liver Disease), but ultimately affirmed Dr. Ross' conclusion that Plaintiff was not disabled. *Id.* at 93-94, 97.

Additional evidence was received after Dr.'s Ross and Limos rendered their opinions. Plaintiff presented at Valley View with lightheadedness, tarry stools, and some nausea and vomiting on July 24, 2012. AR 579. He was admitted to Valley View's intensive care unit because his pressure had continued to drop, and was given a blood transfusion of two units. *Id.* at 580. Plaintiff was again admitted to Valley View on December 23, 2012, where he was monitored for gastrointestinal bleeding, tested to determine his blood levels (which showed, *inter alia*, a lower than normal platelet value of 32,000), and given a blood transfusion of four units. *Id.* at 559-60.

The Court finds that the additional medical evidence, paired with the existing evidence and Dr. Weingarten's testimony (that Plaintiff's impairments would likely

9

equal a Listing, or meet Listing 5.05, if more information came in) triggered SSR 96-6p's requirement to obtain an updated medical opinion from a medical expert. However, it does not appear that the ALJ sought or received any such an opinion.

### B. <u>Remand Is Warranted</u>

It is within the Court's discretion to determine whether to remand for further proceedings or order an immediate award of benefits. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). "A remand for an immediate award of benefits is appropriate, however, only in 'rare circumstances.'" *Brown-Hunter v. Colvin*, 2015 WL 4620123, at *7 (9th Cir. Aug. 4, 2015) (citation omitted). Before ordering a remand for an immediate award of benefits, the Court must find that "the record has been fully developed and further administrative proceedings would serve no useful purpose." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

Further proceedings would be useful here to determine whether the additional medical evidence, received after the agency medical consultants found that Plaintiff did not have an impairment or combination or impairments that met or equaled one of the Listings, would impact their prior finding. Further proceedings might also be useful to decide whether an updated opinion should be sought from Dr. Weingarten, given the additional evidence added to the record after his testimony, or whether the record would benefit from further development. *Mayes*, 276 F.3d at 459-60 (duty to develop record triggered "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence"). If, on remand, the ALJ determines that the same result is warranted, further proceedings would allow for more thorough equivalency analysis, and allow the ALJ to consider other factors impacting Plaintiff's entitlement to benefits not presently addressed in his decision.

### C. <u>Plaintiff's Other Claims</u>

Because "the listings … operate as a presumption of disability that makes further inquiry unnecessary[,]" the Court declines to consider the other issues raised

10

herein until it has been conclusively decided whether Plaintiff's impairments meet or equal one of the Listings. *Sullivan*, 492 U.S. at 532.

## V.
## CONCLUSION

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: October 1, 2015

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

## NOTICE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**